IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC WACHTER, <br> M12656, <br><br>                   **Plaintiff,** <br><br> vs. <br><br> ROB JEFFRIES, <br> DEBBIE KNOURE, <br> JOHN/JANE DOE #1 IDOC <br> HEALTHCARE ADMINISTRATOR, <br> LANA HEALTH CARE <br> ADMINISTRATOR, <br> DR. V. SHAW. <br><br>                   **Defendants.** | Case No. 21-cv-1536-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Marc Wachter, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Centralia Correctional Center (Centralia), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia. (Doc. 1). Plaintiff claims that in May of 2021 he had blood in his stools, and he was coughing up blood, so he sought medical care from Defendant Dr. Shaw. Plaintiff alleges that Shaw had previously changed his prescription from Motrin to Mobic, but he did not conduct appropriate exams, nor did he appropriately treat the side effects. Plaintiff grieved this issue but was not satisfied with the responses. He seeks injunctive, declaratory, and monetary relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on May 29, 2021, Defendant Shaw violated his right to be free of cruel and unusual punishment because he did not adequately treat him for blood in his stool or blood he coughed up. (Doc. 1 at 15). Specifically, he alleges that Shaw ordered a blood draw, which took place 6 days later, but he should have performed a rectal and throat exam. (*Id.*). Plaintiff further alleges that Shaw violated his rights because he had previously switched Plaintiff's prescription from Motrin to Mobic without adequately warning him about potential side effects. Plaintiff alleges he suffered dozens of very serious side effects, so the failure to warn him constituted assault and battery. (*Id.* at 15-16). Plaintiff alleges that he is on the autism spectrum and that Shaw's treatment of him violated Equal Protection and the Americans with Disabilities Act. (*Id.* at 16-17).

As to Defendant Lana, the health care administrator, Plaintiff alleges that her finding in response to his grievance was inadequate. He claims that she found that follow-up testing was done for his reported conditions and that he could seek further

care from the doctor. Plaintiff alleges that this response was improper and that medical staff knew that a more thorough examination should have been done. As a result, he claims that Defendant Lana violated his Fifth, Eighth, and Fourteenth Amendment rights, as well as his right to Equal Protection. (*Id.* at 17).

Plaintiff further alleges that Defendants Jeffries, Knoure and the IDOC medical director violated his right to be free from cruel and unusual punishment by not investigating his grievance. (*Id.* at 17).

Plaintiff appended a few medical grievances and responses to his complaint. (Doc. 1 at 9-13, 19).

Based on the allegations in the Complaint, the court designates the following Counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Defendant Shaw for medical treatment provided in April and May of 2021;**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Defendant Lana for her response to Plaintiff's medical needs;**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Defendants Jeffries, Knoure and Health Care Administrator for their failure to investigate Plaintiff's situation.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

Claim 1 is sufficient to proceed against Dr. Shaw for deliberate indifference to a serious medical condition. By contrast, Plaintiff's claims against Dr. Shaw that rely on the Fifth or Fourteenth Amendments shall be dismissed. All of Plaintiff's claims against Dr. Shaw concern the medical care that was provided by Shaw. Deliberate indifference claims for medical care are traditionally recognized under the Eighth Amendment. The claims citing to the Due Process clauses of the Fifth or Fourteenth Amendments are duplicative of the claims Plaintiff can bring under the Eighth Amendment. If a more specific provision exists, duplicative claims give way to the specific right. *See e.g., Albright v. Oliver*, 510 U.S. 266, 273 (1994) (where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of due process, is the source for analyzing the claims). Thus, Plaintiff will be allowed to pursue the stated theories of relief under the Eighth Amendment, rather than the Fifth or Fourteenth Amendments.

As to Plaintiff's mentions of Equal Protection or the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111-213, these claims are inadequately pled. To establish a violation of the ADA, a plaintiff must prove "[1] that he is a 'qualified individual with a disability, [2] that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subject to discrimination by such an entity, and [3] that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Although Plaintiff alleges that he is disabled, and that he did not get the medical care he wanted, he does not allege that he was denied medical care, nor

does he allege that he was given any specific treatment based on his disability. The facts pled are insufficient to show a violation of the ADA by Defendant Shaw, or any other defendant.

To state a claim for an Equal Protection violation, a plaintiff generally must allege that he was treated differently than others based on membership in a suspect class (race, alienage, and national origin) or based upon the denial of a fundamental right (freedom of speech or religion). *See e.g. Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009) (describing various equal protection claims). Here Plaintiff has not alleged facts that support an Equal Protection violation against Defendant Shaw or any other defendants, so this claim is inadequately pled. *See e.g. Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are not sufficient to state a claim).

In Claim 2, Plaintiff alleges that Defendant Lana, a health care administrator, provided an insufficient response to his grievance about Dr. Shaw's care. A healthcare administrator who is not aware of a specific patient's need for care is not generally liable under § 1983. *See e.g., Miller v. Larson*, 756 Fed. App'x 606, 610 (7th Cir. 2018) (finding that claim against defendant who oversaw the medical staff was properly dismissed because she was not responsible for individualized patient care and did not know about the danger plaintiff faced from medical staff). A medical director sued under § 1983 cannot be held liable absent personal involvement. *Smith v. Rohana*, 433 Fed. App'x 466, 469 (7th Cir. 2011); *Minix v. Canarecci*, 597 F.3d 824, 834 (7th Cir. 2010) (a supervisor must know about and personally be involved in unconstitutional treatment to be held liable for inadequate care, mere supervisory status does not make a defendant responsible).

However, here Plaintiff alleges that Lana became aware of his need for care based upon his grievance, and she exercised incorrect medical judgment by finding that his needs had been sufficiently met by the appointment with Dr. Shaw and the labs he ordered. Although successful claims against those who review grievances are uncommon, here, Plaintiff has made sufficient allegations of personal knowledge and action by Defendant Lana to proceed past initial review on his claim of Eighth Amendment deliberate indifference to a serious medical condition. By contrast, any other claims reliant on Due Process, Equal Protection, or the ADA will be dismissed as discussed above in relation to Dr. Shaw.

In Claim 3, Plaintiff alleges that Defendants Jeffries (IDOC Director), Debbie Knoure (Administrative Review Board) and John/Jane Doe (medical director for IDOC) are all personally responsible for the harm he suffered because they failed to investigate his grievance or to protect him from inadequate medical care. Unlike the allegations against Defendant Lana that suggest she had a personalized role in his care and medical knowledge sufficient to dictate a different outcome, Plaintiff does not allege that these high-level administrators had such knowledge or role in his personal medical care. Non-medical prison officials can rely on the judgment of treating providers if an inmate is receiving or has received care. *See e.g. Hayes v. Snyder*, 546 F.3d 516, 527-28 (7th Cir. 2008) (non-medical defendants responded promptly to grievances and verified that inmate had care, so they were not deliberately indifferent to a serious need); *Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005) (corrections complaint appeals examiner acted acceptably by verifying that inmate received treatment). Additionally, "prison officials who simply

processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). The constitution does not require officials to investigate or otherwise correct a wrongdoing after it has happened, and prison officials do not incur liability if they fail or refuse to investigate a prisoner's complaints or grievances. *See e.g. Watson v. Dodd*, 2017 WL 120951 *1, *6 (S.D. Ill. 2017). Plaintiff's allegations against Jeffries and Knoure that they failed to investigate his situation are insufficient to state a claim. The grievances he attached to his complaint show that he had ongoing treatment for the issues at hand. Jeffries and Knoure merely signed off on the fact that the facility deemed the grievance resolved. Their mere role as parties in the administrative chain who review a grievance is insufficient to give rise to liability for deliberate indifference to a serious medical need.

Plaintiff also alleges that John or Jane Doe, the medical director of IDOC, should be held responsible for failing to investigate his situation. He does not allege that the medical director was ever made aware of his situation. *Minix*, 597 F.3d at 834 (a supervisor must know about an issue to be held liable). Accordingly, Plaintiff's claim against the John/Jane Doe medical director is insufficient and will be dismissed.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against Defendant Dr. Shaw. Claim 2 survives screening as to Defendant Lana. Claim 3 will be **DISMISSED** without prejudice as to Defendants Jeffries, Knoure and John/Jane Doe medical director. Because Claim 3 was the only claim against these parties, the Clerk shall **TERMINATE** Jeffries, Knoure, and

John/Jane Doe.  The Clerk of Court is DIRECTED to ADD the Warden of Centralia to the docket sheet solely for the purpose of implementing any future injunctive relief.

The Clerk of Court is **DIRECTED** to prepare for Defendants Dr. Shaw, Lana, and the Warden of Centralia (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues**

**stated in this Merits Review Order.** The Warden of Centralia does not need to file an answer.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

Dated: March 4, 2022

DAVID W. DUGAN
United States District Judge