IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC WACHTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DR. VIPIN SHAH, TISH BRASHEAR-FINNEY, PERCY MYERS, and THE WARDEN OF CENTRALIA CORRECTIONAL CENTER, DANIEL MONTI, IN HIS OFFICIAL CAPACITY | ) Case No. 3:21-cv-1536-DWD |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Pending before the Court are the Motion for Summary Judgment of Plaintiff (Doc. 114), the Motion for Summary Judgment of Defendants Shah, Myers, and Brashear-Finney (Docs. 115 & 116), and the Motion for Summary Judgment of Defendant Monti (Doc. 121). Defendants Shah, Myers, and Brashear-Finney, but not Defendant Monti, filed a Notice under Federal Rule of Civil Procedure 56. (Doc. 117). *See* L.R. 56.1(j) ("Motions for summary judgment served on *pro se* parties must be accompanied by a certification that notice of the consequences for failing to respond to a motion for summary judgment has been served on the *pro se* party as required by *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)."). As a *pro se* litigant, Plaintiff is entitled to notice of the consequences of failing to respond to both Motions for Summary Judgment. (Docs. 115, 116, 121). *See id.*; *Timms*, 953 F.2d at 285; *Lewis*, 689 F.2d at 102. Accordingly, the Court **ADVISES** Plaintiff that Rule 56, in part, provides as follows:

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

\*\*\*

**(c) Procedures.**

   **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

      **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

      **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

   **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

   **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

\*\*\*

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

      **(1)** give an opportunity to properly support or address the fact;

      **(2)** consider the fact undisputed for purposes of the motion;

      **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

      **(4)** issue any other appropriate order.

Fed. R. Civ. P. 56; *see also* L.R. 56.1.

Consistent with Rule 56, any factual assertion or statement made in the movants' (Defendants') affidavits and/or other documentary evidence may be taken as true by the Court *unless* the non-movant (Plaintiff) contradicts the movants (Defendants) with counter-affidavits and/or other documentary evidence. Plaintiff may not rely on the allegations in the pleadings to support his claim; rather, he must show by affidavit or other documentary evidence that there is a genuine dispute as to a material fact. If Plaintiff does not respond to both Motions for Summary Judgment, the Court may enter judgment in favor of Defendants and this matter may be terminated. Further, Plaintiff's failure to file a response within 30 days of service may, in the Court's discretion, be considered an admission of the merits of Defendants' Motions for Summary Judgment.

    **SO ORDERED.**

Dated: October 4, 2024

                                                                      s/ *David W. Dugan*
                                                                    DAVID W. DUGAN
                                                                    United States District Judge