IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC WACHTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VIPIN SHAH, TISH BRASHEAR-FINNEY, PERCY MYERS, and DANIEL MONTI, Warden of Centralia Correctional Center, in his Official Capacity only, | ) Case No. 3:21-cv-1536-DWD |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is the Bill of Costs of Defendants Myers, Shah, and Brashear-Finney. (Doc. 144). Also before the Court is the Bill of Costs of Defendant Monti. (Doc. 146). Plaintiff filed an Objection to Defendants' separate Bills of Costs. (Doc. 150). For the reasons explained below, Plaintiff's Objection to the Bills of Costs is **OVERRULED**.

**I. BACKGROUND**

Plaintiff, an inmate at Centralia Correctional Center, filed this action under 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). He claimed, under the Eighth Amendment to the U.S. Constitution, Defendants were deliberately indifferent to his concerns of rectal bleeding and vomiting of blood. (Doc. 1, generally). More specifically, as to Defendant Shah, who is a physician, Plaintiff alleged a deliberate indifference claim related to medical treatment provided in April and May 2021. (Docs. 1, generally; 63; 88, pgs. 2, 4; 116, pg. 2; 133, pg. 1). Defendant Shah allegedly ordered a

blood draw, which occurred six days later, but failed to perform a rectal or throat examination or to heed concerns about Plaintiff's Mobic prescription. (Docs. 1, generally; 88, pgs. 2, 4). As to Defendants Myers and Brashear-Finney, who are a physician and a nurse, respectively, Plaintiff alleged a deliberate indifference claim related to follow-up medical treatment provided in July 2021. (Docs. 63; 88, pgs. 2-3, 5-6; 116, pg. 2; 133, pg. 1); *Wachter v. Myers, Brashear-Finney, and Monti*, No. 22-cv-577-SMY, Docs. 1, generally; 71, pg. 3 (S.D. Ill.).[1] Defendant Brashear-Finney allegedly made comments to Defendant Myers about the appropriateness of Plaintiff's care, and Defendant Myers allegedly failed to heed Plaintiff's concerns about continued bleeding, offer treatment for that continued bleeding, or heed Plaintiff's concerns about the side-effects of his Mobic prescription. (Docs. 63; 88, pgs. 3, 5-6); *Wachter*, No. 22-cv-577-SMY, Docs. 1, generally; 71, pg. 3.

The parties filed Motions for Summary Judgment. (Docs. 114, 115, 116, 121). On September 19, 2025, Plaintiff's Motion for Summary Judgment (Doc. 114) was denied and Defendants' Motions for Summary Judgment (Docs. 115, 116, 121) were granted. Judgment was entered on September 22, 2025. (Doc. 143). Defendants' Bills of Costs were filed on October 6 and 7, 2025, respectively. (Docs. 144 & 146). After receiving an extension of time, Plaintiff filed his Objection on December 12, 2025. (Doc. 150).

## II. ANALYSIS

Defendants Myers, Shah, and Brashear-Finney seek $707.25 in costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

---

[1] Case No. 22-cv-577-SMY was consolidated with the instant case, Case No. 21-cv-1536-DWD, on October 31, 2022. (Doc. 54); *Wachter*, No. 22-cv-577-SMY, Doc. 71.

2

(Doc. 144, pg. 1). Their attorney "declare[s] under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (Doc. 144, pg. 1). They also provide an Invoice that itemizes the requested costs. (Doc. 144, pg. 3).

Defendant Monti, for his part, seeks $310.93 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." (Doc. 146, pg. 1). His attorney also "declare[s] under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (Doc. 146, pg. 1); *see also* (Doc. 146-1). An Invoice itemizing the requested costs is also attached to the Bill of Costs. (Doc. 146-2).

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—*should be allowed* to the prevailing party." Fed. R. Civ. P. 54(d)(1) (Emphasis added). The costs may properly include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

Rule 54(d)(1) provides a "strong presumption" that the losing party will pay costs, but it also affords the Court discretion to direct otherwise. *Rivera v. City of Chic.*, 469 F.3d

631, 634, 636 (7th Cir. 2006); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) ("District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs."). However, the "strong presumption" in favor of the losing party paying costs is difficult to overcome, meaning "the court *must award costs* unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945 (Emphasis added); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("[U]nless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court *must award them*, 'as of course.'") (Emphasis added). It is only misconduct by the prevailing party, worthy of penalty, or an inability to pay, that justifies a denial of costs. *Weeks*, 126 F.3d at 945; *accord Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).

Here, Plaintiff first objects based on "misconduct by the Defendants that contributed to summary judgment in their favor." (Doc. 150, pg. 1). He points to "inferences made, intentions revealed, evidence withheld, warden's misconduct, and the effects on the Court's ruling." (Doc. 150, pg. 1). Second, Plaintiff objects based on his "autism spectrum disorder (ASD)," which he discussed in prior motions. (Doc. 150, pg. 3). Third, Plaintiff argues he "owns no property, bank accounts, investments, rental properties or…any source of income other than gifts from his parents," so he cannot afford to pay the separate Bills of Costs filed by Defendants in this case. (Doc. 150, pg. 3).

Here, the Court finds it must reject each of Plaintiff's arguments. In his Objection, Plaintiff raises arguments relating to previous or new substantive claims. (Doc. 150, pgs. 1-3). The Court is of the opinion that, even though Plaintiff purports to invoke those

4

arguments as a basis for not paying costs, such arguments are improper on this procedural posture. In any event, though, the Court cannot find on the current record that Plaintiff proved any of Defendants' alleged misconduct is a proper basis for denying costs. The same is true with respect to Plaintiff's second argument, which pertains to his alleged ASD. Prior to the Judgment in this case, the Court issued a ruling on Plaintiff's request for counsel based on, *inter alia*, his alleged ASD. (Doc. 42). The Court found, among other things, that although Plaintiff claimed "he need[ed] representation because his disability prevents him from adequately understanding the litigation process or from adequately representing his interests," it was "not convinced…Plaintiff w[ould] be unable to represent his own interests." (Doc. 42, pgs. 6-7). As of that date, "Plaintiff ha[d] been successful at drafting and filing many pleadings and motions on his own behalf," which remained true throughout the pendency of the case. The Court cannot revisit that finding on this procedural posture; alternatively, the Court does not believe Plaintiff has shown his alleged ASD is a proper basis on which to deny Defendants' costs in this case.

Lastly, the Court is unconvinced that Plaintiff cannot pay Defendants' costs. Notably, "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 634 (citing *Luckey v. Baxter Heathcare Corp.*, 183 F.3d 730, 733-34 (7th Cir. 1999)). The exception related to the losing party's indigence "is a narrow one," and the burden is on the losing party to overcome Rule 54(d)(1)'s presumption. *Id*. at 636; *see also Richardson v. Chic. Trans. Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (recognizing the indigence exception is not a blanket excuse against paying costs). The Court must be positioned to find "the losing party is 'incapable of paying the court-

5

imposed costs *at this time or in the future.*' " *Rivera*, 469 F.3d at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)) (Emphasis added). To do so, the losing party must provide the Court with sufficient documentation to support such a finding. *Id.* (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)); *accord Rossi v. City of Chic.*, 790 F.3d 729, 738 (7th Cir. 2015) ("The burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation."). The documentation "should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635; *accord Rossi*, 790 F.3d at 738. This requirement ensures that the Court has "clear proof" of the losing party's "dire financial circumstances." *Rivera*, 469 F.3d at 635. The requirement limits the incentive for litigants of modest means to claim indigence. *Id.* These principles are decisive of Plaintiff's Objection to the Bills of Costs.

Here, the Court cannot find Plaintiff is unable to pay costs now *or* in the future. *See Rivera*, 469 F.3d at 635 (quoting *McGill*, 18 F.3d at 460). He was allowed to proceed *in forma pauperis*, which itself is not conclusive, but he was still assessed a partial filing fee of $70.37 and required to make incremental monthly payments toward the full $350 filing fee. *See Bell v. Bd. of Educ. of Proviso Twp. H.S. Dist. 209*, 662 Fed. Appx. 460 (7th Cir. 2016) (disagreeing that because the district court granted the plaintiff's application to proceed *in forma pauperis*, it was required to find her too poor to pay costs, as "poverty does not require a court to deny awarding costs); (Doc. 10). And, while Plaintiff provides a Trust Fund Statement and Certification that reveals a balance of $108.10 as of December 2, 2025, he admits "[a] large number of deposits over the last 6 months have been used to pay for

6

legal books, legal copies, legal postage, and [other] legal filing fees." (Doc. 150, pgs. 21-24). He also received a refund of $350 from a filing fee in another case. (Doc. 150, pgs. 3, 22). Indeed, from June 4, 2025, to November 30, 2025, Plaintiff had multiple deposits and expenditures that indicate an ability to pay Defendants' costs in this case. *See McGill*, 18 F.3d at 460 (holding the district court did not abuse its discretion by imposing costs against a prisoner, where, *inter alia*, "the rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike," the Seventh Circuit was not convinced that the prisoner could never pay the costs, and the Seventh Circuit was "unwilling to adopt a *per se* rule that indigency alone overcomes the presumption" to costs under Rule 54(d)).

For these reasons, Defendants' costs, which the Court finds are reasonable, are recoverable under § 1920. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (stating the Court inquires of the recoverability and reasonableness of the costs). The Court notes the costs sought are expressly allowed by § 1920 and are supported by Invoices. *See id.* ("If there is statutory authority for taxing a specific cost, '[the Seventh Circuit] will not overturn a district court's decision that the cost was necessary to the litigation or its determination of what amount is reasonable absent a showing of clear abuse of discretion.' "). Further, Defendants used an acceptable standard Bill of Costs form, which declares under penalty of perjury that "the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." *See* 28 U.S.C. § 1924 ("Before any bill

7

of costs is taxed, the party claiming any item of cost…shall attach thereto an affidavit…that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."). Based on the Declarations and Invoices, the Court **FINDS** Defendants proved their costs.

### III. CONCLUSION

As explained above, the Objection to the Bills of Costs is **OVERRULED**. The Clerk of the Court is **DIRECTED** to tax the $707.25 in costs against Plaintiff and for Defendants Myers, Shah, and Brashear-Finney. The Clerk of the Court is **FURTHER DIRECTED** to tax the $310.93 in costs against Plaintiff and for Defendant Monti.

**SO ORDERED.**

Dated: February 3, 2026

s/ *David W.Dugan*

DAVID W. DUGAN
United States District Judge